# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM DALE CARTER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | CIVIL NO. 08-cv-575-MJR |
| ) | |
| ROGER WALKER, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Petitioner filed this habeas corpus action to challenge a disciplinary proceeding that resulted in the loss of one month of good conduct credit, as well as time in disciplinary segregation. The Court directed Petitioner to file an amended petition with respect to the revocation of good conduct credit (*see* Doc. 8). The Court further directed that his amended petition should provide specific information regarding exhaustion of his administrative and state court remedies. Now before the Court is Petitioner's motion for a stay of this action for 90 days so that he may exhaust his state court remedies (Doc. 9).

As the Court pointed out, a state prisoner seeking restoration of lost good-time credits must exhaust state-court remedies before turning to federal court, or else show cause and prejudice for failing to exhaust. 28 U.S.C. § 2254(b)(1); *McAtee v. Cowan*, 250 F.3d 506, 508-09 (7th Cir. 2001). To exhaust his remedies, a state prisoner must " 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review)." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (holding that state

prisoners "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"). Thus, Petitioner may not commence suit and then stay the action while he attempts to exhaust his state court remedies; exhaustion must occur *prior* to bringing suit.

**IT IS THEREFORE ORDERED** that the instant motion is **DENIED**, and this action is **DISMISSED** without prejudice. Once Petitioner has exhausted his administrative and state court remedies with respect to this disciplinary proceeding, if he does not obtain the desired relief, he may then file a new habeas corpus petition in federal court.

The Clerk shall **CLOSE THIS CASE**.

**IT IS SO ORDERED.**

**DATED this 20th day of October, 2008.**

        **s/ Michael J. Reagan**
        **MICHAEL J. REAGAN**
        **United States District Judge**